[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13793

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

*versus*

ROBERT WILLIS, JR.,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60067-RS-1

_____

Before WILSON, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Willis, Jr., appeals his sentence of 145 months' imprisonment for bank robbery. Willis argues that his above-guideline sentence is procedurally and substantively unreasonable because the district court failed to consider his traumatic childhood, drug and alcohol addiction, and mental health issues as mitigating factors. After careful review, we affirm.

## I.

When reviewing for procedural reasonableness, we consider legal issues de novo and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We review for plain error procedural sentencing issues raised for the first time on appeal. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Plain error is: (1) an error; (2) that is plain; and (3) that affects substantial rights; but only if (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted). To determine whether a sentence is procedurally reasonable, we ask whether the district court properly calculated the guidelines range, treated the sentencing guidelines as advisory, considered the § 3553(a) factors, did not base its sentence on clearly erroneous facts, and adequately explained the sentence imposed. *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).

We will review Willis's procedural argument for plain error because he failed to object to any procedural issues below. Although Willis argues that the district court failed to consider the § 3553(a) factors and adequately explained the chosen sentence, the record contradicts Willis. The district court expressly addressed the § 3553(a) factors and discussed why it was granting the government's motion for an upward variance, specifically noting Willis's extensive criminal history, which included several armed robberies. Thus, Willis has not shown that his sentence was procedurally unreasonable.

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam)

Section 3553(a)'s "overarching" instruction to sentencing courts is that any sentence, whether within the guidelines range or through a departure or variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2).

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a). We have emphasized that we must give due deference to the weight given by the district court to the sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court also does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254, 1259 (11th Cir. 2015). Though a major variance should be supported by a more significant justification than a minor variance, the "district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing." *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (per curiam).

A district court's decision to place "substantial weight" on a defendant's criminal history is consistent with the § 3553(a) factors because five of the factors relate to criminal history. *Rosales-Bruno*, 789 F.3d at 1263. We have held that upward variances heavily reliant on a defendant's criminal history are "eminently reasonable" when the prior convictions are violent or related to firearms. *United States v. Riley*, 995 F.3d 1272, 1280 (11th Cir. 2021). Finally, the district court's failure to discuss a defendant's mitigating evidence does not mean "that the court erroneously 'ignored' or failed to consider this evidence in determining [his] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Here, Willis has not shown that his 145-month sentence—which amounted to a 48-month upward variance—was unreasonable. The district court has broad discretion when weighing the

§ 3553(a) factors and may weigh one factor more heavily than another, especially when looking at criminal history. *Rosales-Bruno*, 789 F.3d at 1254; *Riley*, 995 F.3d at 1279. The district court reasonably weighed Willis's extensive criminal history, which consisted of violent crimes (often armed robbery) in which he endangered himself and the public. While the district court may have weighed the nature and circumstance of the offense, promotion of respect for the law, and adequate deterrence more heavily than it weighed Willis's personal history and characteristics, that was within the court's power to do so. *See Rosales-Bruno*, 789 F.3d at 1254.

Nothing in the record suggests that the district court failed to consider Willis's mitigating personal history—the court just didn't give it as much weight as Willis would have liked. It is true that the district court did not directly state that it had considered that evidence. But it did not need to. *See Amedeo*, 487 F.3d at 833. The court explicitly said that it had reviewed Willis's presentence investigation report "over and over." The district court had taken all the testimony at the sentencing hearing into consideration and had given thought to all of the § 3553(a) factors.

The district court gave more than sufficient justification for its sentence. It also explained exactly why it found Willis's criminal history to warrant more weight than the other factors. Specifically, the district court detailed Willis's criminal history, the number of times he had engaged in armed robbery, and how Willis had no respect for the law because as soon as he was released from prison

he would commit another armed robbery, and its belief that a lenient sentence would not deter him from doing so again.

In short, the record reflects that the district court carefully considered the totality of the circumstances and the § 3553(a) factors—including the nature and circumstances of the offense and the needs to promote respect for the law, provide adequate deterrence, and protect the public—and explained why it was imposing a 145-month sentence. 18 U.S.C. § 3553(a)(2)(B), (2)(C). We cannot say that this sentence fell outside the range of reasonable sentences dictated by the facts of the case. It's also worth noting that the sentence is below the statutory maximum of twenty years, *see* 18 U.S.C. § 2113(a), which indicates reasonableness. *See Gonzalez*, 550 F.3d at 1324. Accordingly, Willis has not shown that his sentence was substantively unreasonable.

Thus, we affirm the district court's upward variance in sentencing Willis to 145 months.

**AFFIRMED.**